# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br><br>-vs-<br><br>MCPHERSON ENTERPRISES, INC. SOONER HOT OIL AND WELL SERVICES LLC, and TAMMY MCPHERSON,<br><br>    Defendants. | Case No. CIV-21-366-F |

## **ORDER**

The court has an independent duty to inquire into its own subject-matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The complaint alleges that the court has jurisdiction over this action based upon 28 U.S.C. § 1332(a) (diversity jurisdiction). Upon review of the jurisdictional allegations, the court concludes they are insufficient to support the exercise of diversity jurisdiction.

The complaint alleges that defendant, Tammy McPherson, is an "individual residing at 3783 W North Avenue, Ponca City, Oklahoma 74601." Doc. no. 1, ¶ 4. Residence, however, is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there.

Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). A natural person is a citizen of the state in which she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). The complaint must allege the state where defendant, Tammy McPherson, is a citizen.

Next, the complaint alleges that defendant, Sooner Hot Oil and Well Services LLC, is an "Oklahoma limited liability company, whose member and registered agent, Tammy McPherson, resides at 3783 W North Avenue, Ponca City, Oklahoma 74601." Doc. no. 1, ¶ 3. The citizenship of limited liability company is determined by the citizenship of all of its members. Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018). It is not clear from the complaint whether Ms. McPherson is defendant's sole member. The complaint must identify all of defendant's members and the state of citizenship for each of those members.[1] Further, plaintiff must trace the citizenship of defendant's members through "however many layers of members [] there may be." See, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011).[2]

---

[1] If a member of defendant, Sooner Hot Oil and Well Services LLC, is an individual, such as Ms. McPherson, plaintiff must identify the individual's state of citizenship as opposed to the individual's state of residence. If a member of defendant is a business entity, then plaintiff must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James WM. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2020); Wright & Miller, 13 Federal Practice and Procedure, § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

[2] For example, if one of defendant's members is an LLC, then *its* members, and their specific states of citizenship, as well as all underlying information necessary to support those conclusions, must be alleged, and so on. *Illustration:* Party A is an LLC. The citizenship of the members of an LLC are imputed to the LLC. Accordingly, the members of the LLC, and all jurisdictional information necessary to determine each member's state or states of citizenship, must be determined and alleged. The members of Party A are X and Y. X is an individual who is a citizen of Oklahoma. Y is another LLC (the second LLC). The members of Y are B and C. B is yet another LLC (the third LLC) and C is a corporation. The members of B are D and E. D is an individual who is a

Accordingly, the court **DIRECTS** plaintiff, KeyBank National Association to file a first amended complaint which supplies the missing jurisdictional information regarding defendants, Tammy McPherson and Sooner Hot Oil and Well Services LLC.³  The first amended complaint shall be filed no later than fourteen days from the date of this order.  The missing jurisdictional information may be based upon plaintiff's information and belief.

Failure to comply with the court's directive may result in an order which is just, including the dismissal of this action without prejudice.

IT IS SO ORDERED this 21st day of April, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0366p001.docx

---

citizen of Texas.  E is a partnership.  The partners of E are F and G. F is an individual who is a citizen of Kansas.  G is an individual who is a citizen of Arkansas.  Corporation C (the second member of Y) is incorporated in Delaware and has its principal place of business in Florida.  Based on the above, the states in which members of Party A are citizens are Oklahoma (X's state of citizenship); and Texas, Kansas, Arkansas, Delaware and Florida (Y's states of citizenship).  Party A is therefore deemed a citizen of Oklahoma, Texas, Kansas, Arkansas Delaware and Florida.

³ Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.